(3 App. Div. 129.)

GRANGER et al. v. BROOKS et al.

(Supreme Court, Appellate Division, Fourth Department. March, 1896.)

TRIAL BY COURT—ADMISSION OF IMPROPER EVIDENCE.

A judgment rendered in an equitable action will not be reversed for errors in the admission of evidence unless appellant was harmed by the error.

Appeal from special term, Erie county.

Action by Edmond W. Granger and C. Townsend Wilson, as judgment creditors of Walter Brooks and Robert J. Steele, partners, under the firm name of Brooks & Steele, to compel payment to plaintiffs of $2,000, received by defendant Elizabeth Steele from the other defendants, in payment of a firm note. The complaint was dismissed on the merits, and plaintiffs appeal. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

August Becker, for appellants.

James L. Quackenbush, for respondents.

FOLLETT, J. There is no doubt about the genuineness of Mrs. Steele's demand, for the undisputed evidence shows that she raised the sum loaned by a mortgage on her house. The court found that shortly prior to the formation of the firm, and on the 20th of December, 1887, Mr. Brooks and Mrs. Steele had a conversation in reference to his entering into partnership with Robert J. Steele, her son; and that she then "agreed to advance and loan to said firm the sum of $2,000, to be used in said business"; and that December 20, 1887, she delivered that sum to her son, which he placed to the credit of Brooks & Steele in the bank where the firm kept its account, and thereafter the money was used in its business. It was also found that, on the delivery of the money to Robert J. Steele, he gave his individual promissory note to his mother, by which he promised to pay her $2,000 on demand; and that afterwards, on several occasions, prior to December 21, 1891, she demanded that her note be paid, but, failing to obtain payment, she, on the date last mentioned, took the note of the firm for $2,000, payable on demand, and surrendered the note first given to her. Both partners were present when this was done, and assented. The court found that the note was given and received without intent on the part of the makers or the payee to hinder, delay, or defraud the creditors of Brooks & Steele, and without notice on the part of the payee that the firm was then insolvent and embarrassed. These findings are amply sustained by the evidence. Mrs. Steele then became the owner of a legal and meritorious demand against the firm, given upon a valuable consideration, which she had the right to enforce, and the payment thereof to her by the firm was not a fraud on its creditors. This is simply a race between two equally meritorious creditors of the firm, one of whom has succeeded, and the unsuccessful one has no legal or equitable claim against the successful competitor.

Elizabeth Steele was called and sworn on the trial as a witness for the plaintiffs, who attempted to prove by her that she

made the loan on the credit of her son, and not on the credit of the firm. On her cross-examination, the defendants were permitted to ask, over the plaintiffs' objection and exception: "To whom did you make this loan? * * * A. I gave it to the firm of Brooks & Steele. Q. Did you give the credit to Brooks & Steele, or to Robert J. Steele? * * * A. I gave it to the firm, of course." It is undoubtedly true that evidence of her secret and undisclosed intent as to whom she gave credit was not admissible to vary the presumptions arising from the acts of the parties. As before stated, no witness was called in behalf of the defendants, the case being rested wholly on the plaintiffs' evidence. Previous to the trial, the plaintiffs had examined all three of the defendants, in proceedings supplementary to their execution; and the evidence so taken was introduced on this trial by the plaintiffs. On the examination in supplementary proceedings, Mrs. Steele testified that she loaned the $2,000 to the firm, which testimony the plaintiffs read in evidence on the trial. Thus, they proved substantially the same fact which they now allege was error for the defendants to prove on cross-examination. The three defendants were also examined in proceedings supplementary to an execution, issued on a judgment obtained by another creditor, and the evidence given by the defendants on that examination was introduced on this trial by the plaintiffs. Every fact, and all the phases of the facts, have been fully developed by three independent examinations and cross-examinations of these three defendants, and there seems to be no real inconsistency in their evidence given on these several examinations. This is an equitable action, was tried as such, and in such cases the appellate court is not required to reverse a judgment and grant a new trial for errors in the admission of evidence, if it is apparent that the appellant has not been harmed by the error, and that substantial justice has been done. Believing that the judgment is right, and that a new trial would be of no advantage to the plaintiffs, it should be affirmed, with costs.

Judgment affirmed, with costs. All concur.